UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLFIN AI-CA 5, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FERNANDO M. BERNADOS and<br>MARIE O. BERNADOS,<br><br>　　　　　Defendants. | No.  2:14-cv-0073 LKK DAD PS<br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

By Notice of Removal filed January 13, 2014, this unlawful detainer action was removed from the Solano County Superior Court by defendants Fernando Bernados and Marie Bernados, who are proceeding pro se.  Accordingly, the matter has been referred to the undersigned for all purposes encompassed by Local Rule 302(c)(21).  On January 27, 2014, plaintiff filed a motion to shorten time for hearing of a motion to remand.  (Dkt. No. 3.)

It is well established that the statutes governing removal jurisdiction must be "strictly construed against removal." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)).  See also Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002); Provincial Gov't of Martinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d

564, 566 (9th Cir. 1992).  "'The burden of establishing federal jurisdiction falls on the party invoking removal.'" Harris v. Provident Life & Accident Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994) (quoting Gould v. Mut. Life Ins. Co., 790 F.2d 769, 771 (9th Cir.1986)).  See also Provincial Gov't of Martinduque, 582 F.3d at 1087.  In addition, "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims."  ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000).  Where it appears, as it does here, that the district court lacks subject matter jurisdiction over a removed case, "the case shall be remanded."  28 U.S.C. § 1447(c).

In removing this action, defendants assert that plaintiff's claim "expressly referenced and incorporates 'the Protecting Tenants at Foreclosure Act of 2009,' 12 U.S.C. §5201" and, therefore, "there is a federal question in which a statute of the United States is drawn in" giving this court jurisdiction over this action.  (Notice of Removal (Dkt. No. 1) at 3.)

It is evident, however, from a reading of plaintiff's complaint filed in the Solano County Superior Court that this is nothing more than a garden-variety unlawful detainer action filed against the former owners of real property located in California and that it is based wholly on California law without reference to any claim under federal law.  As such, the complaint does not involve any "claim or right arising under the Constitution, treaties or laws of the United States" that would have permitted plaintiff to file this action originally in federal court.  See 28 U.S.C. § 1441(b).  Moreover, it is evident from defendants' Notice of Removal that any federal claims in this action arise solely from defendants' own affirmative defenses and not from the plaintiff's unlawful detainer complaint.  See ARCO Envtl. Remediation, LLC, 213 F.3d at 1113. Thus, defendants have failed to meet their burden of establishing a basis for federal jurisdiction over this action.

Accordingly, IT IS ORDERED that plaintiff's January 27, 2014 Motion to Shorten Time (Dkt. No. 3) is denied without prejudice to renewal.[1]

---

[1] Plaintiff may re-notice the motion to shorten time in the event the assigned District Judge does not adopt these findings and recommendations remanding this matter to the Solano County Superior Court.

Moreover, IT IS RECOMMENDED that this action be summarily remanded to the Solano County Superior Court and that this case be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. A document presenting objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 28, 2014

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\colfin0073.ud.f&rs